CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Johnson**,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**Ali Aljabri;**<br>**Ebrahim Fadhel;**<br>**Arif Aljuberi**; and Does 1-10,<br><br>　　　Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

　　　Plaintiff Scott Johnson complains of Defendants Ali Aljabri; Ebrahim Fadhel; Arif Aljuberi; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.　Plaintiff is a California resident with physical disabilities. Plaintiff is a level C-5 quadriplegic. He cannot walk and also has significant manual dexterity impairments. He uses a wheelchair for mobility and has a specially equipped van.

2.　In February 2014, Defendants Ali Aljabri and Ebrahim Fadhel were the

1

Complaint

owners of the real property located at or about 3020 N. Wilson Way, Stockton, California.

3.   In April 2014, Defendants Ali Aljabri and Ebrahim Fadhel were the owners of the real property located at or about 3020 N. Wilson Way, Stockton, California.

4.   In August 2014, Defendants Ali Aljabri and Ebrahim Fadhel were the owners of the real property located at or about 3020 N. Wilson Way, Stockton, California.

5.   In September 2014, Defendants Ali Aljabri and Ebrahim Fadhel were the owners of the real property located at or about 3020 N. Wilson Way, Stockton, California.

6.   In October 2014, Defendants Ali Aljabri and Ebrahim Fadhel were the owners of the real property located at or about 3020 N. Wilson Way, Stockton, California.

7.   Defendants Ali Aljabri and Ebrahim Fadhel are the owners of the real property located at or about 3020 N. Wilson Way, Stockton, California, currently.

8.   In February 2014, Defendants Ali Aljabri and Arif Aljuberi were the owners of the New Country market ("Market") located at or about 3020 N. Wilson Way, Stockton, California.

9.   In April 2014, Defendants Ali Aljabri and Arif Aljuberi were the owners of the New Country market ("Market") located at or about 3020 N. Wilson Way, Stockton, California.

10. In August 2014, Defendants Ali Aljabri and Arif Aljuberi were the owners of the New Country market ("Market") located at or about 3020 N. Wilson Way, Stockton, California.

11. In September 2014, Defendants Ali Aljabri and Arif Aljuberi were the owners of the New Country market ("Market") located at or about 3020 N.

Complaint

Wilson Way, Stockton, California.

12. In October 2014, Defendants Ali Aljabri and Arif Aljuberi were the owners of the New Country market ("Market") located at or about 3020 N. Wilson Way, Stockton, California.

13. Defendants Ali Aljabri and Arif Aljuberi are the owners of the New Country market ("Market") located at or about 3020 N. Wilson Way, Stockton, California, currently.

14. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

17. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is

Complaint

1  located in this district and that Plaintiff's cause of action arose in this district.

2

3  **FACTUAL ALLEGATIONS:**

4  18. The Market is a facility open to the public, a place of public

5  accommodation, and a business establishment.

6  19. Transaction counters are one of the facilities, privileges and advantages

7  offered by Defendant to patrons of the Market.

8  20. Unfortunately, the transaction counter serving the Market is not

9  accessible to persons with disabilities.

10  21. During the months that plaintiff visited, the transaction counter in the

11  Market was not in compliance with the Americans with Disabilities Act

12  Accessibility Guidelines (ADAAG).

13  22. The transaction counter was 43 inches in height. There was no lowered,

14  36 inch portion of counter for use by persons in wheelchairs who want to make

15  purchases. Moreover, the defendants crowd the transaction counter with

16  merchandise and displays that narrow the clear width of the counter to far less

17  than 36 inches.

18  23. Currently, there is no accessible transaction counter for use by persons

19  with disabilities at the Market.

20  24. The plaintiff frequents the Stockton area on a constant and ongoing

21  basis. He has shopped, stayed, eaten and otherwise visited the area on scores

22  and scores of occasions over the last two years and will continue to do so in the

23  future. Plaintiff went to the Market more than a half dozen times during 2014.

24  Plaintiff encountered the barriers and made a purchase in August, September,

25  and October of 2014. Additionally, plaintiff visited on a number of other

26  occasions but he was unable to shop because of the barriers. These months

27  include: February, April, and twice in September of 2014.

28  25. These barriers caused Plaintiff difficulty and frustration.

4

Complaint

26. Plaintiff would like to return.

27. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

28. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendant intended any other configuration, it had the means and ability to make the change.

29. Plaintiff is and has been deterred from returning and patronizing the Market because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize the Market as a customer once the barriers are removed.

30. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

31. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

32. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the

Complaint

bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

33. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

34. Here, no such accessible transaction counter has been provided in violation of the ADA.

35. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

36. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the ADA.

37. Given its location and options, the Market is a location that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

38. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

1  complaint.

2      39. Because the defendants violated the plaintiff's rights under the ADA,

3  they also violated the Unruh Civil Rights Act and are liable for damages. (Cal.

4  Civ. Code § 51(f), 52(a).)

5      40. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

6  discomfort or embarrassment for the plaintiff, the defendants are also each

7  responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code §

8  55.56(a)-(c).)

9      41. Although the plaintiff was markedly frustrated by facing discriminatory

10  barriers and this frustration possibly qualifies as an emotional distress injury,

11  even manifesting itself with minor and fleeting physical symptoms, the

12  plaintiff does not value this very modest frustration and physical personal

13  injury greater than the amount of the statutory damages.

14

15      **PRAYER**:

16      Wherefore, Plaintiff prays that this Court award damages and provide

17  relief as follows:

18      1. For injunctive relief, compelling Defendants to comply with the

19  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

20  plaintiff is not invoking section 55 of the California Civil Code and is not

21  seeking injunctive relief under the Disabled Persons Act at all.

22      2. Damages under the Unruh Civil Rights Act, which provides for actual

23  damages and a statutory minimum of $4,000.

24

25

26

27

28

Complaint

1   3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

2   to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

3

4   Dated: February 9, 2016               CENTER FOR DISABILITY ACCESS

5                                         By: _____

6                                         Mark Potter, Esq.
                                          Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint