1

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq. SBN 171771
Isabel Rose Masanque, Esq., SBN 292673
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
IsabelM@potterhandy.com

2

3

4

5

6   Attorneys for Plaintiff

7

8

9

10                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF CALIFORNIA
11

12

13   **Scott Johnson**,                    | **Case:** 2:16-CV-00267-TLN-EFB

            Plaintiff,                      | **Plaintiff's Motion For Summary**
14                                          | **Judgment**
        v.
15

16   **Ali Aljabri**;
     **Ebrahim Fadhel**;                    | Date:    February 6, 2020
17   **Arif Aljuberi**; and Does 1-10,      | Time:    2:00 p.m.
                                            | Ctrm:    2 (15th Floor)
18          Defendants.

19

20                                          | Hon. Judge Troy L. Nunley
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................ 1

   I.   PRELIMINARY STATEMENT ..................................................... 1

   II.   RELEVANT FACTS ................................................................. 1

   III.   LEGAL STANDARD.................................................................. 4

   IV.   THE LACK OF ACCESSIBLE FACILITIES ........................... 4

      A.  Plaintiff is Disabled.................................................... 6

      B.  Defendants Own and Operate a Place of Public Accommodation 7

      C.  The Market Had Barriers That Were Readily Removed ............. 7

   V.   THE LACK OF COMPLIANT FACILITIES IS UNLAWFUL UNDER CALIFORNIA LAW.............................................................. 9

   VI.   REMEDIES................................................................. 9

      A.  Plaintiff is Entitled to Injunctive Relief Under the ADA ............ 9

      B.  Plaintiff is Entitled to a Statutory Penalty Under the UCRA .... 10

   VII.  CONCLUSION......................................................... 11

1

# TABLE OF AUTHORITIES

2

**Cases**

3

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*

4

603 F.3d 666 (9th Cir. 2010) ................................................................. 5

5

*Chapman v. Pier 1 Imports (U.S.) Inc.*

6

631 F.3d 939 (9th Cir. 2011) ............................................................ 5, 8

7

*Cullen v. Netflix, Inc.,*

8

880 F.Supp.2d 1017 (N.D. Cal. 2012) ................................................. 9

9

*D'Lil v. Best Western Encina Lodge & Suites,*

10

538 F.3d 1031 (9th Cir. 2008) ........................................................... 10

11

*Moeller v. Taco Bell Corp.*

12

816 F.Supp.2d 831 (N.D. Cal. 2011) ................................................... 5

13

*Molski v. M.J. Cable, Inc.,*

14

481 F.3d 724 (9th Cir. 2007) ......................................................... 9, 11

15

*Rush v. Denco Enterprises, Inc.,*

16

857 F. Supp. 2d 969 (C.D. Cal. 2012) ................................................. 8

17

18

**Statutes**

19

42 U.S.C. § 12102(2)(A) ........................................................................ 7

20

42 U.S.C. § 12188(a) .......................................................................... 6, 9

21

42 U.S.C. §§ 12183(a)(2) ....................................................................... 6

22

Cal. Civ. Code § 55.56(b) ..................................................................... 10

23

Cal. Civ. Code § 55.56(e) ..................................................................... 10

24

Civ. Code § 51 (f) .................................................................................... 9

25

26

27

28

---

Plaintiff's Motion for Summary Judgment          Case: 2:16-CV-00267-TLN-EFB

**Other Authorities**

36 C.F.R., Part 1191, Appendix D § 904.1, 904.4.4 ................................ 8

Department of Justice, Technical Assistance Manual on the American

 with Disabilities Act (BNA) §§ III-4.4100 (1991) ............................... 8

Plaintiff's Motion for Summary Judgment  Case: 2:16-CV-00267-TLN-EFB

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3                    **I.   PRELIMINARY STATEMENT**

4          Plaintiff Scott Johnson, a quadriplegic and a wheelchair user, has

5    brought this action because Defendants Ali Aljabri and Ebrahim Fadhel

6    ("Defendants") have failed to provide an accessible transaction counter

7    at their store, in violation of the Americans with Disabilities Act

8    ("ADA"). In this motion, Plaintiff seeks an injunction under ADA

9    against Defendants, the owners and operators of the real property and the

10   New Country Market, requiring them to provide and maintain an

11   accessible transaction counter.[1] Plaintiff respectfully requests this Court

12   grant his motion.

13

14                       **II.   RELEVANT FACTS**

15         Plaintiff Scott Johnson is a quadriplegic. He cannot walk and also

16   has significant manual dexterity impairments.  He uses a wheelchair for

17   mobility.[2] The New Country market ("Market") is located at or about

18   3020 N. Wilson Way, Stockton, California.[3]  Defendants Ali Aljabri and

19   Ebrahim Fadhel are currently the owners of the property on which the

20   Market is located, and were so in February 2014, April 2014, August

21   2014, September 2014, and October 2014.[4]  Defendant Ali Aljabri is

22   currently the owner of the Market and was so in February 2014, April

23

24   ───────────────

   [1] The parties filed a joint stipulation to dismiss Defendant Arif Aljuberi which has

25   not been granted (Dkt. No. 14). Therefore, Plaintiff moves for a motion for summary
     judgment against Defendants Ali Aljabri and Ebrahim Fadhel, only. Should the court

26   grant Plaintiff's motion, Plaintiff also requests the court dismiss Defendant Arif
     Aljuberi.

27   [2] SUF #1.

     [3] SUF #2.
28   [4] SUF #3.

2014, August 2014, September 2014, and October 2014.[5] The Market is a business establishment and place of public accommodation.[6]

On February 24, 2014, Mr. Johnson went to the Market to shop.[7] When Mr. Johnson entered the Market, he looked for a lowered sales counter where he could make his purchase. However, he did not see a lowered counter or lowered portion of the counter anywhere in the Market. Mr. Johnson is very familiar with lowered, wheelchair accessible counters that are 36 inches high. He uses them all the time. The counters at the Market were much higher than the lowered, wheelchair counters that he needs and he could not find any lowered counter space.[8] Additionally, the transaction counter was crowded with merchandise and displays, which narrowed the clear width of the counter.[9]  The thought of having to deal with this high and crowded transaction counter caused Mr. Johnson discomfort and hee chose instead to leave without making a purchase or attempting to further patronize or use the facilities.[10]

On April 2, 2014, Mr. Johnson returned to the Market but was deterred from even attempting to patronize it because of his knowledge of the violations.[11] On August 25, 2014, September 2, 2014, September 4, 2014, and October 10, 2014, Mr. Johnson returned to the Market to shop. During these visits, when Mr. Johnson went to pay for his items, he found that the transaction counter was in the same condition.[12]

---

[5] SUF #4.
[6] SUF #5.
[7] SUF #6.
[8] SUF #7.
[9] SUF #8.
[10] SUF #9.
[11] SUF #10.
[12] SUF #11.

Plaintiff's Motion for Summary Judgment          Case: 2:16-CV-00267-TLN-EFB

1    Having to handle his transactions on a higher counter creates difficulty
2    and discomfort for him. Handling his transactions at anywhere between
3    30 and 36 inches is ideal. If the height of the surface where he places
4    items, receive items, place his wallet and sign receipts, is raised, he
5    experiences an increase in difficulty because he is now forced to handle
6    those transactions at chest level or higher, forcing his arms higher. This
7    is discomforting. That was Mr. Johnson's experience at the Market when
8    he made his purchases.[13]

9         On February 1, 2016, Tyler Anderson, an investigator for the
10    plaintiff, conducted an investigation of the Market.[14] Inside the Market,
11    Mr. Anderson found that there was a transaction counter available for
12    use by customers. He measured the height of the transaction counter to
13    be approximately 43 inches in height.[15]  Mr. Anderson did not see a
14    lowered portion of the counter or a separate counter that measured a
15    maximum of 36 inches.[16]

16         Mr. Johnson lives an hour from and frequent the Stockton area on
17    a constant and ongoing basis. He has shopped, stayed, eaten and
18    otherwise visited Stockton on dozens of occasions over the last two
19    years and will continue to do so in the future.[17] Mr. Johnson is currently
20    deterred from visiting the Market because of his knowledge of the
21    condition of the transaction counter.[18] However, once there is a lowered
22    transaction counter at the Market, Mr. Johnson plans to visit the Market
23    again to shop whenever he is in the area.[19]  Additionally, Mr. Johnson is

24    _____
25    [13] SUF #12.
       [14] SUF #13.
26    [15] SUF #14.
       [16] SUF #15.
27    [17] SUF #16.
       [18] SUF #17.
28    [19] SUF #18.

Plaintiff's Motion for Summary Judgment          Case: 2:16-CV-00267-TLN-EFB

an active ADA litigator and will also return to the Market to assess compliance with disability access laws once it has been represented to him that the barriers have been allegedly removed.[20]

## III.  LEGAL STANDARD

Pursuant to section 56 of the Federal Rules of Civil Procedure, a party can bring a motion for summary judgment where there is no genuine dispute as to any material fact. Motions for summary judgment are not "disfavored."[21] In the present case, there can be no genuine dispute over the facts of the case and those facts inform the court and the parties that it would be a waste of judicial resources for this case to proceed to trial. There is no genuine issue of material fact and this court should grant the Plaintiff's motion.

## IV.  THE LACK OF ACCESSIBLE FACILITIES

Under Title III of the Americans With Disabilities Act of 1990 ("ADA"), the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."[22] The term "discrimination" can be misleading. The ADA applies not just to intentional discrimination but to thoughtlessness and indifference:

> Its passage was premised on Congress's finding that discrimination against the disabled is most often the

---

[20] SUF #19.
[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)
[22] 42 U.S.C. § 12182(a).

product, not of invidious animus, but rather of thoughtlessness and indifference, of benign neglect, and of apathetic attitudes rather than affirmative animus. The concept of "discrimination" under the ADA does not extend only to obviously exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance. Rather, the ADA proscribes more subtle forms of discrimination—such as difficult-to-navigate restrooms and hard-to-open doors— that interfere with disabled individuals' "full and equal enjoyment" of places of public accommodation. [23]

To succeed on his Title III, ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability."[24] "The third element— whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards."[25] This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such

---

[23] *Chapman v. Pier 1 Imports* (U.S.) Inc., 631 F.3d 939, 944-45 (9th Cir. 2011) (internal quotes and citations removed for readability).

[24] *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

[25] *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) citing, *Chapman*, 631 F.3d at 945.

Plaintiff's Motion for Summary Judgment          Case: 2:16-CV-00267-TLN-EFB

removal is readily achievable."[26] Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. Plaintiff must be disabled.[27]

2. The defendants' facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA *Id*.;

3. The defendants must be responsible parties, i.e., owners, operators, lessors or lessees. *Id*.;

4. The defendants' facility must have either undergone an alteration that did not comply with the access standards or contain an easily removed barrier that the defendants failed to remove.[28] Plaintiff must have actually encountered this non-removed and unlawful barrier.[29]

As discussed below, Mr. Johnson's civil rights were violated because the Defendants failed to provide accessible facilities at the Market. Plaintiff will discuss each element, seriatim.

### A.        Plaintiff is Disabled

Mr. Johnson has severe mobility impairments. He cannot walk and he uses a wheelchair for mobility.[30] Thus, there can be little doubt that he fits the qualification under the Americans with Disabilities Act as

---

[26] 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv).
[27] 42 U.S.C. § 12182(a);
[28] 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv);
[29] 42 U.S.C. § 12188(a).
[30] SUF #1.

a person with a disability.[31]  Given Mr. Johnson's inability to walk, this is not a genuine issue.

### B.   Defendants Own and Operate a Place of Public Accommodation

Sales establishments are expressly identified under the ADA as places of public accommodation.[32] Therefore, the Market is a place of public accommodation, which the Defendants admit.[33] Defendants owned the Market and the real property where the place of public accommodation is located on the date of Plaintiff's visits and does so currently.[34] Defendants, therefore, had an obligation to comply with the anti-discrimination provisions of Title III of the Americans with Disabilities Act.

### C.   The Market Had Barriers That Were Readily Removed

The ADA defines "discrimination" as a failure to remove architectural barriers where it is readily achievable to do so. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "barrier" is not defined in the Act itself but is defined in the Technical Assistance Manual:

> III-4.4100: What is an architectural barrier? Architectural barriers are physical elements of a facility that impede access by people with disabilities. These barriers include

---

[31] 42 U.S.C. § 12102(2)(A) (defining a physical impairment substantially affecting a major life activity as qualifying as a disability).
[32] 42 U.S.C. § 12181(7)(E).
[33] SUF #5.
[34] SUF #3 & 4.

Plaintiff's Motion for Summary Judgment          Case: 2:16-CV-00267-TLN-EFB

more than obvious impediments such as steps and curbs that prevent access by people who use wheelchairs.[35]

Case law is more specific. "To determine if Plaintiff describes an 'architectural barrier' the Court must turn to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). If an element does not meet or exceed ADAAG standards, it is considered a barrier to access.*"[36]* "Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access." (identifying this as the formal position of the Department of Justice).[37] These are "objective" and "precise" standards and "the difference between compliance and noncompliance" is "often a matter of inches."[38]

### 1.    *Lack of an accessible transaction counter*

Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top.[39] Here, there was no lowered counter on the dates of Mr. Johnson's visit.[40] This was confirmed by the subsequent investigation by Mr. Anderson in which he measured the only available sales counter to be approximately 43 inches high.[41] Defendants' failure to provide an accessible transaction counter is a

---

[35] Department of Justice, Technical Assistance Manual on the American with Disabilities Act (BNA) §§ III-4.4100 (1991).

[36] *Rush v. Denco Enterprises, Inc.*, 857 F. Supp. 2d 969, 973 (C.D. Cal. 2012) (internal cites omitted).

[37] *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011)

[38] *Id.*

[39] 36 C.F.R., Part 1191, Appendix D § 904.1, 904.4.4.

[40] SUF #6-11.

[41] SUF #13-15.

violation of the ADA and a violation Mr. Johnson's rights to full and equal access.

In sum, the Defendants failed to remove barriers violated the Plaintiff's rights under the ADA.

## V.   THE LACK OF COMPLIANT FACILITIES IS UNLAWFUL UNDER CALIFORNIA LAW

The Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Civ. Code § 51 (f).   "A violation of the ADA is, by statutory definition, a violation of both the Unruh Act and the DPA."[42] "Because the Unruh Act is coextensive with the ADA and allows for monetary damages, litigants in federal court in California often pair state Unruh Act claims with federal ADA claims."[43]

As discussed above under section "IV", Defendants violated the ADA. Thus, there has been a per-se violation of Unruh.

## VI.   REMEDIES

Because Defendants violated the ADA and the Unruh Civil Rights Act, Plaintiff is entitled to seek injunctive relief and a statutory penalty.

### A.         Plaintiff is Entitled to Injunctive Relief Under the ADA

Under the ADA, the plaintiff is entitled to injunctive relief.[44] Such injunctive relief "shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with

---

[42] *Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1023 (N.D. Cal. 2012).
[43] *Molski*, 481 F.3d at 731.
[44] 42 U.S.C. § 12188(a).

disabilities" to the extent required by the ADA.[45] "We have found actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible."[46]

Here, Mr. Johnson has standing to seek injunctive relief with respect to the inaccessible transaction counter at the Market, which he personally encountered. Mr. Johnson has stated his intention to return to the Market once the barriers have been removed.[47]

### B.   Plaintiff is Entitled to a Statutory Penalty Under the UCRA

Statutory damages can be recovered for a violation of the Unruh Civil Rights Act "if the violation denied the plaintiff full and equal access to the place of public accommodation on a particular occasion." A denial of full and equal access takes place where a plaintiff "personally encountered" the violation and it resulted in "difficulty, discomfort or embarrassment."[48] Under the Civil Code, the plaintiff is entitled to recover a statutory penalty for "each offense" (Cal. Civ. Code § 52(a)) which has been defined as "each particular occasion that the plaintiff was denied full and equal access…"[49]

Mr. Johnson personally encountered the access standards violations on his visits on February 24, 2014, August 25, 2014, September 2, 2014, September 4, 2014, and October 10, 2014, and was deterred from visiting on at least one occasion on April 2, 2014 due to

---

[45] *Id.* at 12188(a)(2).
[46] *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).
[47] SUF # 18, 19.
[48] Cal. Civ. § 55.56(b).
[49] Cal. Civ. Code § 55.56(e).

his knowledge of the barriers.[50] However, Mr. Johnson seeks only two statutory penalties—one for his several visits and one for his deterrence. There are no genuine issues in dispute here and the Plaintiff is entitled to the statutory award of $8,000 under the Unruh Civil Rights Act for his encounters and deterrences. "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000."[51] Plaintiff seeks an award of $8,000.

## VII.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant his motion.

Dated: January 9, 2020                    CENTER FOR DISABILITY ACCESS


                                    By: */s/ Isabel Rose Masanque*
                                        Isabel Rose Masanque
                                        Attorneys for Plaintiff

---

[50] SUF #6-12.
[51] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).